# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ROOSEVELT J. LOUICE BURGESS, ) ) Movant, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | Case No. CV416-147 CR493-205 |

## REPORT AND RECOMMENDATION

This Court has previously denied multiple 28 U.S.C. § 2255 motions filed by defendant Roosevelt J. Louice Burgess. CR493-205, doc. 112 at 3 (S.D. Ga. Mar. 31, 2011) (collecting cases), *reported at* 2011 WL 1398482, *adopted*, doc. 115, *reported at* 2011 WL 1398479 (S.D. Ga. Apr. 12, 2011). In this latest, doc. 122, accompanied by a copy of his motion to the Eleventh Circuit for leave to file a successive § 2255 motion, doc. 123 (but docketed as a motion in this Court), he seeks to exploit the new rule announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), and otherwise triggering a lot of successive filings. *See, e.g., In re Fleur*, 824 F.3d 1337 (11th Cir. 2016); *In re Hines*, 824 F.3d

1334 (11th Cir. 2016), and *In re Ricardo Pinder, Jr.*, 824 F.3d 977 (11th Cir. 2016).

The Armed Career Criminal Act (ACCA) -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague that it violates due process. *See* 135 S. Ct. at 2557. But crimes falling under ACCA's other clauses, known as the "elements" and "enumerated crimes" clauses,[1] are not affected by *Johnson's* holding. *Id.* at 2563.

---

[1] As more thoroughly explained by the Eleventh Circuit:

> ACCA gives three definitions of "violent felony." First, § 924(e)(2)(B)(i) covers any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." This is known as the "elements clause." Second, § 924(e)(2)(B)(ii) covers any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."
> The first 9 words of that subsection are called the "enumerated crimes clause," and the last 13 are called the "residual clause.

*In re Robinson*, 822 F.3d 1196, 1197 (11th Cir. 2016).

Granting Burgess' successiveness motion, the Eleventh Circuit acknowledged that he had been ACCA-sentenced by this Court. *In re Burgess*, No. 16-13208-J at 6 (11th Cir. July 1, 2016) (unpublished) (copy attached). It then applied the "clear-unclear test" that it had previously formulated for analyzing successive § 2255 motion applications bearing *Johnson* claims. Under that test, it could

> only deny [an] application if it is clear that the motion will not contain a *Johnson* claim. This is so when:
>
> (1) the sentencing court record demonstrates that the sentencing court specifically identified three prior convictions as qualifying as ACCA predicates under the elements or enumerated crimes clauses, or based on the "serious drug offense" provision of the ACCA; and/or
>
> (2) under binding precedent, it is clear that the prior convictions the sentencing court identified categorically qualify as ACCA predicates under the elements or enumerated crimes clauses or, alternatively, the ACCA's "serious drug offense" provision.

*In re Leonard*, 2016 WL 3885037 at * 3 (11th Cir. July 13, 2016).

The sentencing judge in Burgess' case, the Eleventh Circuit pointed out, did not specifically identify his prior convictions under the elements or enumerated crimes clauses. Nor is there any binding precedent showing that his "ACCA-priors" categorically qualify as ACCA predicates following *Johnson*. *Burgess*, Slip. Op. at 6. Nor, finally, is there any

binding precedent showing that either state statute supporting his ACCA-priors "is divisible under *Descamps*,"² so he is entitled to have this latest § 2255 motion considered by this Court because "neither the record nor current binding precedent makes undeniably clear that, absent the residual clause, an enhanced sentence validly was entered." *Id*. (quotes omitted); *see also In re Davis*, ___ F.3d ___, 2016 WL 4070987 at * 1 (11th Cir. July 21, 2016).

The Court will hear from the Government within 30 days of the date this Order is served. It should brief the "threshold determination" standard, based on the nonwaivable jurisdictional component of § 2255(h)(2),³ as illuminated in *Ziglar v. United States*, ___ F.Supp. 3d ___,

---

² *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), held that a conviction under what's known as a "nongeneric, indivisible criminal statute" categorically cannot qualify as an ACCA predicate offense. *Id*. at 2285-86. It also held that a sentencing court may not consider extra-statutory materials of the sort approved by the Supreme Court under the "modified categorical approach" developed in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), when determining whether a conviction under an "indivisible" criminal statute qualifies as an ACCA predicate offense under § 924(e)(2)(B)(ii)"'s enumerated-crimes clause. *Descamps*, 133 S.Ct. at 2285-86.

In another, somewhat similar successiveness application case, *In re Rogers*, 825 F.3d 1335, 2016 WL 3362057 (11th Cir. June 17, 2016), the Eleventh Circuit noted that it "would not need to apply *Descamps* if the sentencing court relied upon three qualifying serious drug offenses to impose the ACCA enhancement." *Id*. at * 1, n. 4.

³ *See* 28 U.S.C. § 2255 (h)(2) ("A second or successive motion must be certified . . . to contain . . . (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

2016 WL 4257773 at * 5 (M.D. Ala. Aug. 11, 2016), along with the *Descamps* retroactivity discussion there. *See id.* at * 4 ("[T]he Eleventh Circuit ruled in three published decisions on inmates' applications for authorization to file successive § 2255 motions, that, "while *Descamps* is retroactive for a first § 2255 motion . . . *Descamps* is not retroactive for purposes of a second or successive § 2255 motion." *In re Hires*, [825 F.3d 1297 (11th Cir. 2016)] (citing *In re Griffin*, 823 F.3d 1350, 1356 (11th Cir. 2016), and *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016).").[4]

Burgess, meanwhile, is free to file as many briefs as he wants when he wants, subject to this Court's ruling at any time beginning 21 days

---

[4] The *Ziglar* court disregarded the Government's § 2255(h)(2) concession, denied § 2255 relief on jurisdictional grounds, and illuminated that it is the § 2255 movant's burden to demonstrate that he is entitled to § 2255 relief:

> the court finds that Ziglar has failed to demonstrate that at the time of sentencing his Alabama convictions for third-degree burglary qualified as violent felonies only under the ACCA's residual clause and not under the enumerated-crimes clause and that, therefore, Ziglar's convictions do not fall within the scope of Johnson. Furthermore, Ziglar cannot use *Johnson* to litigate a *Descamps* issue because *Descamps* is not a new rule of constitutional law within the meaning of § 2255(h)(2), and the government cannot waive the non-retroactivity of *Descamps* because § 2255(h)(2) is jurisdictional. Because Ziglar has not demonstrated that his ACCA-enhanced sentence falls within the scope of *Johnson*, Ziglar has not satisfied § 2255(h)(2)'s criteria, and his § 2255 motion is due to be denied.

*Ziglar*, 2016 WL 4257773 at *1; *see also id.* at * 5 (reminding that, even after the Eleventh Circuit greenlights a successive § 2255 motion, the district court must "determine for itself whether the requirements of § 2255(h)(2) are met.") (quotes and cite omitted).

after the date the Government files its brief in response to this Order. Given the tedious complexity[5] arising in what is still the jurisdictional phase of this case, *see* § 2255(h)(2); *Ziglar*, 2016 WL 4257773 at * 13 n. 15, the Court is inclined to grant Burgess's motion to appoint counsel, but will first await the Government's response to this Order. For the moment, that motion is administratively **DENIED** (doc. 124), but Burgess is free to renew it after the Government responds. Meanwhile, the Court **DENIES** his motion for leave to file a successive motion, doc. 123, as it was erroneously docketed as a motion here when in fact it is merely a copy of what he filed at the Eleventh Circuit.

**SO REPORTED AND RECOMMENDED**, this 30TH day of August, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] Analyzing this area has become, one court recently remarked, a "Byzantine analytical framework that . . . leaves courts struggling to make sense out of the 'hopeless tangle' the ACCA has become." *United States v. Mayer*, ___ F. Supp. 3d ___, 2016 WL 520967 at * 12 (D. Or. Feb, 5, 2016), quoted in *Gatson v. United States*, 2016 WL 2977278 at * 2 n. 4 (S.D. Ga. May 19, 2016).

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 16-13208-J

IN RE: ROOSEVELT BURGESS, III,

Petitioner.

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

Before TJOFLAT, WILSON, and ROSENBAUM, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Roosevelt Burgess, III has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the

application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In his application, Burgess indicates that he wishes to raise two claims in a second or successive § 2255 motion. However, he in fact raises a single claim—that his conviction and sentencing as an armed career criminal is void under a new rule of constitutional law. Burgess cites *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), in which the Supreme Court held that the residual clause of the violent felony definition in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and that imposing an increased sentence under that provision, therefore, violates due process.

The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

On June 26, 2015, the Supreme Court in *Johnson* held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by

a crime and how much risk it takes to qualify as a violent felony. *Johnson*, 576 U.S. at ___, 135 S. Ct. at 2557-58, 2563. The Supreme Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony. *Id.* at ___, 135 S. Ct. at 2563.

On April 18, 2016, the Supreme Court held in *Welch* that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch*, 578 U.S. at ___, 136 S. Ct. at 1264-65. The Court explained that, by striking down the ACCA's residual clause as void for vagueness, *Johnson* changed the ACCA's substantive reach and altered "the range of conduct or the class of persons that the [Act] punishes." *Id.* at ___, 136 S. Ct. at 1265 (brackets in original) (citation omitted). Applying the retroactivity framework set forth in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), and its progeny, the Court further stated that *Johnson* was not a procedural decision because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the [ACCA]." *Id.* Accordingly, the Court ruled that "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id.*

In light of the Supreme Court's holdings in *Johnson* and *Welch*, federal prisoners who can make a *prima facie* showing that they previously were sentenced, at least in part, in reliance on the ACCA's now-voided residual clause are entitled to file a second or successive § 2255 motion in the district court. *See In re Robinson*, No. 16-11304, manuscript op. at 2 (11th Cir. Apr. 19, 2016) (holding that *In re Franks*, 815 F.3d 1281 (11th Cir. 2016), which had held that *Johnson* claims brought by ACCA offenders cannot satisfy the statutory requirements of § 2255(h)(2), is no

longer good law). However, merely alleging a basis that meets § 2255(h)'s requirements in the abstract only "represent[s] the minimum showing" necessary to file a successive § 2255 motion because, under § 2244(b)(3)(C), the applicant also must make "a *prima facie* showing that the application satisfies the requirements of this subsection." *In re Holladay*, 331 F.3d 1169, 1173 (11th Cir. 2003) (granting a state death-row inmate's successive application because he had proffered detailed evidence, in satisfaction of § 2244(b)(3)(C), that showed "a reasonable likelihood that [he] is mentally retarded" to support his proposed *Atkins* claim). Accordingly, it is not enough for a federal prisoner to simply identify *Johnson* as the basis for the claim or claims he seeks to raise in a second or successive § 2255 motion, but he also must show that he falls within the scope of the new substantive rule announced in *Johnson*. *See, e.g., id.*; 28 U.S.C. § 2244(b)(3)(C).

We recently granted an application for leave to file a second or successive motion to vacate where both the record and the state of the law at the time of the applicant's sentencing suggested that his sentence may have been enhanced under the residual clause. *In re Adams*, No. 16-12519, manuscript op. at 5-8 (11th Cir. June 15, 2016). In a case decided on the same day as *Adams*, we denied an application where binding precedent directed that the applicant's relevant predicate offenses fell within the ACCA's elements clause. *In re Hires*, No. 16-12744, manuscript op. at 7-9 (11th Cir. June 15, 2016). Thereafter, we relied on *Adams* and *Hires* to clarify the standard that applicants seeking relief under *Johnson* must meet in order to make the requisite *prima facie* showing. In what it described as the "clear-unclear test," we stated that:

> We may only deny the application if it is clear that the motion will not contain a *Johnson* claim. This is so when:

4

> (1) the sentencing court record demonstrates that the sentencing court specifically identified three prior convictions as qualifying as ACCA predicates under the elements or enumerated crimes clauses, or based on the "serious drug offense" provision of the ACCA; and/or
>
> (2) under binding precedent, it is clear that the prior convictions the sentencing court identified categorically qualify as ACCA predicates under the elements or enumerated crimes clauses or, alternatively, the ACCA's "serious drug offense" provision.

*In re Rogers*, No. 16-12626, manuscript op. at 3-4 (11th Cir. June 17, 2016). In further detailing this standard, we enunciated that the "binding precedent" that it may rely on is the "current" and "on-point" binding precedent. *Id.* at 5-7.

We explained that, if an applicant's claim "implicates" *Johnson*, meaning that the application does not fall within either of the given categories, courts "must" apply *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and other binding Supreme Court precedent to determine whether a prior conviction would still support an ACCA-enhanced sentence. *Id.* at 4-5. We acknowledged that the *Descamps* divisibility analysis is "unsettled" as to many statutes, and, thus, directed that, if it is still unclear from binding precedent that the state law at issue is divisible under *Descamps*, then the applicant has made a *prima facie* showing that his application contains a *Johnson* claim. *Id.* We then reiterated that applications should be granted "in situations where neither the record nor current binding precedent makes undeniably clear that, absent the residual clause, an enhanced sentence validly was entered." *Id.* at 5. We emphasized that the circumstances in which it will deny applications are "limited" due to the "gatekeeping" function mandated at this stage of review. *Id.* at 7. Utilizing the "clear-unclear test," we held that Rogers's prior Florida convictions for aggravated assault and aggravated battery "categorically qualifie[d]" as violent felonies under the elements clause, citing *Turner v. Warden*

5

*Coleman FCI (Medium)*, 709 F.3d 1328, 1338, 1341 (11th Cir. 2013), *abrogated on other grounds by Johnson*, 576 U.S. __, 135 S. Ct. 2551. *Id.* at 8-9. We concluded that, "because binding precedent clearly classifies as elements clause offenses the convictions Mr. Rogers's sentencing court relied upon as ACCA predicates, his application does not make out a *prima facie* case under *Johnson*." *Id.* at 9.

Burgess has established a *prima facie* case that he is entitled to relief under *Johnson*. First, a review of the available record offers no indication that the district court specifically identified Burgess's prior convictions under the elements or enumerated crimes clauses. Second, this Court has no binding precedent that clearly identifies that either Michigan felonious assault or North Carolina assault with a deadly weapon inflicting serious injury categorically qualify as ACCA predicates following *Johnson*. Third, this Court has no binding precedent addressing whether either state statute at issue is divisible under *Descamps*. Therefore, according to the clear/unclear test, Burgess's application should be granted because "neither the record nor current binding precedent makes undeniably clear that, absent the residual clause, an enhanced sentence validly was entered." *In re Rogers*, manuscript op. at 5.

Accordingly, because Brown has made a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby **GRANTED**.