# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ROOSEVELT J. LOUICE BURGESS, )
)
    Movant, )
)
v. )   Case No. CV416-147
)            CR493-205
UNITED STATES OF AMERICA, )
)
    Respondent. )

## ORDER[1]

This Court has previously denied multiple 28 U.S.C. § 2255 motions filed by defendant Roosevelt J. Louice Burgess. CR493-205, doc. 112 at 3 (S.D. Ga. Mar. 31, 2011) (collecting cases), *reported at* 2011 WL 1398482, *adopted*, doc. 115, *reported at* 2011 WL 1398479 (S.D. Ga. Apr. 12, 2011). In this latest, doc. 122, accompanied by a copy of his motion to the Eleventh Circuit for leave to file a successive § 2255 motion, doc. 123 (but docketed as a motion in this Court), he seeks to exploit the new rule announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), and otherwise triggering a lot of successive filings. *See,*

---

[1] The Court **VACATES** its August 30, 2016 Report and Recommendation and service Orders (CV416-147, docs. 3, 4 & 5) and files this Order in their place.

*e.g., In re Fleur*, 824 F.3d 1337 (11th Cir. 2016); *In re Hines*, 824 F.3d 1334 (11th Cir. 2016), and *In re Ricardo Pinder, Jr.*, 824 F.3d 977 (11th Cir. 2016).

The Armed Career Criminal Act (ACCA) -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague that it violates due process. *See* 135 S. Ct. at 2557. But crimes falling under ACCA's other clauses, known as the "elements" and "enumerated crimes" clauses,[2] are not affected by *Johnson's* holding. *Id.* at 2563.

---

[2] As more thoroughly explained by the Eleventh Circuit:

> ACCA gives three definitions of "violent felony." First, § 924(e)(2)(B)(i) covers any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." This is known as the "elements clause." Second, § 924(e)(2)(B)(ii) covers any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."
> The first 9 words of that subsection are called the "enumerated crimes clause," and the last 13 are called the "residual clause.

Granting Burgess' successiveness motion, the Eleventh Circuit acknowledged that he had been ACCA-sentenced by this Court. *In re Burgess*, No. 16-13208-J at 6 (11th Cir. July 1, 2016) (unpublished) (copy attached). It then applied the "clear-unclear test" that it had previously formulated for analyzing successive § 2255 motion applications bearing *Johnson* claims. Under that test, it could

> only deny [an] application if it is clear that the motion will not contain a *Johnson* claim. This is so when:
>
> (1) the sentencing court record demonstrates that the sentencing court specifically identified three prior convictions as qualifying as ACCA predicates under the elements or enumerated crimes clauses, or based on the "serious drug offense" provision of the ACCA; and/or
>
> (2) under binding precedent, it is clear that the prior convictions the sentencing court identified categorically qualify as ACCA predicates under the elements or enumerated crimes clauses or, alternatively, the ACCA's "serious drug offense" provision.

*In re Leonard*, 2016 WL 3885037 at * 3 (11th Cir. July 13, 2016).

The sentencing judge in Burgess' case, the Eleventh Circuit pointed out, did not specifically identify his prior convictions under the elements or enumerated crimes clauses. Nor is there any binding precedent showing that his "ACCA-priors" categorically qualify as ACCA predicates

---

*In re Robinson*, 822 F.3d 1196, 1197 (11th Cir. 2016).

following *Johnson*. *Burgess*, Slip. Op. at 6. Nor, finally, is there any binding precedent showing that either state statute supporting his ACCA-priors "is divisible under *Descamps*,"[3] so he is entitled to have this latest § 2255 motion considered by this Court because "neither the record nor current binding precedent makes undeniably clear that, absent the residual clause, an enhanced sentence validly was entered." *Id.* (quotes omitted); *see also In re Davis*, ___ F.3d ___, 2016 WL 4070987 at * 1 (11th Cir. July 21, 2016).

The Court will hear from the Government within 30 days of the date this Order is served. It should brief the "threshold determination" standard, based on the nonwaivable jurisdictional component of §

---

[3] *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), held that a conviction under what's known as a "nongeneric, indivisible criminal statute" categorically cannot qualify as an ACCA predicate offense. *Id.* at 2285-86. It also held that a sentencing court may not consider extra-statutory materials of the sort approved by the Supreme Court under the "modified categorical approach" developed in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), when determining whether a conviction under an "indivisible" criminal statute qualifies as an ACCA predicate offense under § 924(e)(2)(B)(ii)"s enumerated-crimes clause. *Descamps*, 133 S.Ct. at 2285-86.

In another, somewhat similar successiveness application case, *In re Rogers*, 825 F.3d 1335, 2016 WL 3362057 (11th Cir. June 17, 2016), the Eleventh Circuit noted that it "would not need to apply *Descamps* if the sentencing court relied upon three qualifying serious drug offenses to impose the ACCA enhancement." *Id.* at * 1, n. 4.

2255(h)(2),[4] as illuminated in *Ziglar v. United States*, ___ F.Supp. 3d ___, 2016 WL 4257773 at * 5 (M.D. Ala. Aug. 11, 2016), along with the *Descamps* retroactivity discussion there. *See id.* at * 4 ("[T]he Eleventh Circuit ruled in three published decisions on inmates' applications for authorization to file successive § 2255 motions, that, "while *Descamps* is retroactive for a first § 2255 motion . . . *Descamps* is not retroactive for purposes of a second or successive § 2255 motion." *In re Hires*, [825 F.3d 1297 (11th Cir. 2016)] (citing *In re Griffin*, 823 F.3d 1350, 1356 (11th Cir. 2016), and *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016).").[5]

---

[4] *See* 28 U.S.C. § 2255 (h)(2) ("A second or successive motion must be certified . . . to contain . . . (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

[5] The *Ziglar* court disregarded the Government's § 2255(h)(2) concession, denied § 2255 relief on jurisdictional grounds, and illuminated that it is the § 2255 movant's burden to demonstrate that he is entitled to § 2255 relief:

> the court finds that Ziglar has failed to demonstrate that at the time of sentencing his Alabama convictions for third-degree burglary qualified as violent felonies only under the ACCA's residual clause and not under the enumerated-crimes clause and that, therefore, Ziglar's convictions do not fall within the scope of Johnson. Furthermore, Ziglar cannot use *Johnson* to litigate a *Descamps* issue because *Descamps* is not a new rule of constitutional law within the meaning of § 2255(h)(2), and the government cannot waive the non-retroactivity of *Descamps* because § 2255(h)(2) is jurisdictional. Because Ziglar has not demonstrated that his ACCA-enhanced sentence falls within the scope of *Johnson*, Ziglar has not satisfied § 2255(h)(2)'s criteria, and his § 2255 motion is due to be denied.

*Ziglar*, 2016 WL 4257773 at *1; *see also id.* at * 5 (reminding that, even after the Eleventh Circuit greenlights a successive § 2255 motion, the district court must

Burgess, meanwhile, is free to file as many briefs as he wants when he wants, subject to this Court's ruling at any time beginning 21 days after the date the Government files its brief in response to this Order. Given the tedious complexity[6] arising in what is still the jurisdictional phase of this case, *see* § 2255(h)(2); *Ziglar*, 2016 WL 4257773 at * 13 n. 15, the Court is inclined to grant Burgess' motion to appoint counsel, but will first await the Government's response to this Order. For the moment, that motion is administratively **DENIED** (doc. 124), but Burgess is free to renew it after the Government responds. Meanwhile, the Court **DENIES** his motion for leave to file a successive motion, doc. 123, as it was erroneously docketed as a motion here when in fact it is merely a copy of what he filed at the Eleventh Circuit.

**SO ORDERED,** this  6th day of September, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

"determine for itself whether the requirements of § 2255(h)(2) are met.") (quotes and cite omitted).

[6] Analyzing this area has become, one court recently remarked, a "Byzantine analytical framework that . . . leaves courts struggling to make sense out of the 'hopeless tangle' the ACCA has become." *United States v. Mayer*, ___ F. Supp. 3d ___, 2016 WL 520967 at * 12 (D. Or. Feb, 5, 2016), quoted in *Gatson v. United States*, 2016 WL 2977278 at * 2 n. 4 (S.D. Ga. May 19, 2016).